UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-67-FDW

| | |
|---|---|
| MARION BEASLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FNU LUTES, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915A and 1915(e).

**I.  BACKGROUND**

Pro se Plaintiff Marion Beasley is a North Carolina prisoner incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. Plaintiff filed this action on February 11, 2015, naming the following individuals as Defendants: FNU Lutes, identified as the President of Union Hospital in Monroe, North Carolina; (2) FNU Lilly, identified as the President of Charlotte Medical Center in Charlotte, North Carolina; and (3) FNU Lee, identified as a surgeon at Carolinas Center for Oral and Facial Surgery in Charlotte, North Carolina. (Doc. No. 1 at 3). Plaintiff alleges that on August 3, 2014, he suffered a fractured left eye socket and brain tumor.[1] (Id. at 4). Plaintiff

---

[1]  In a prior Section 1983 action filed in this Court, which was subsequently dismissed pursuant to 28 U.S.C. § 1915(g), Plaintiff alleged that on August 2, 2014, another inmate at Lanesboro assaulted him, resulting in a fractured left eye socket and a hematoma on his brain. See Beasley v. North Carolina Dep't of Pub. Safety, 3:14cv580 (W.D.N.C. Dec. 2, 2014).

alleges that on that same day, Defendant Lutes and his "medical team" refused to perform surgery on Plaintiff and transported him to Charlotte Medical Center. (Id.). Plaintiff alleges that, at Charlotte Medical Center, Defendant Lilly's "medical team" diagnosed Plaintiff with severe head trauma. (Id.). Plaintiff alleges that he was released from Charlotte Medical Center on August 4, 2014, and Defendant Lilly refused to send Plaintiff to a specialist. (Id.). Plaintiff alleges that he had a scheduled appointment on August 15, 2014, at Carolinas Center for Oral and Facial Surgery for severe head trauma, but that Defendant Lee refused to treat Plaintiff or to perform surgery on him. (Id.). Plaintiff alleges that on December 14, 2014, he had an appointment with Dr. George Blakeney at UNC Chapel Hill Hospital. Plaintiff alleges that Dr. Blakeney told Plaintiff that "had the Plaintiff made it to [Blakeney] in time [Blakeney] would have did [sic] surgery to stop Plaintiff suffering." (Id. at 5). Plaintiff contends that Defendants were deliberately indifferent to Plaintiff's serious medical needs because they refused to treat Plaintiff for his injuries and because they should have transported Plaintiff to Dr. Blakeney for oral surgery. (Id.). Plaintiff alleges that he still suffers from pain as a result of Defendants' "medical malpractice and deliberate indifference," and he seeks $60 million in damages from Defendants. (Id. at 4).

**II. DISCUSSION**

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

2

under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's complaint will be dismissed because he has filed three pro se § 1983 complaints, Plaintiff was allowed to proceed in forma pauperis, and each of the three complaints was dismissed as being frivolous, malicious or for failure to state a claim under the provisions of the PLRA.[2] See Beasley, Jr. v. R. Michael Bruce, et al., No. 1:08CV174-NCT-RAE (M.D.N.C. Apr. 17, 2008); Beasley, Jr. v. Bryant et al., No. 1:08CV172-NCT-RAE (M.D.N.C. May 13, 2008); Beasley, Jr. v. Justice I. Beverly Lake, Jr., et al., No. 1:08CV169-NCT-RAE (M.D.N.C. May 14, 2008). Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury. Plaintiff fails to demonstrate in his Complaint in this action that he is under imminent danger of serious physical injury as required by § 1915(g).[3] Therefore, this action will be dismissed without prejudice because Plaintiff has not paid the full filing fee.[4]

---

[2] Each of these cases is final, as Plaintiff did not appeal from the order of dismissal and the time for doing so has long since expired.

[3] The mere allegation that Plaintiff still suffers from pain as a result of Defendants' alleged deliberate indifference does not constitute a showing that Plaintiff is under imminent danger of serious physical injury within the meaning of § 1915(g). Accord Towner v. Rao, No. 12-cv-6633-FPG, 2014 WL 4745920 (W.D.N.Y. Sept. 23, 2014) (citing cases and stating that "courts considering allegations of discomfort or the lack of pain medication have found them to not constitute an imminent danger"). Moreover, in this action, Plaintiff does not allege that any of his current medical providers are refusing to treat him for pain caused by his prior injuries. Rather, he is merely seeking to recover against medical providers who allegedly refused to treat Plaintiff when he was initially injured in August 2014.

[4] The Court notes that, even if Plaintiff pays the filing fee and refiles this action, the action will be subject to dismissal as to any of the named Defendants to the extent that the hospitals or health care facilities named in the Complaint are private entities. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 181-82 (4th Cir. 2009).

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice to Plaintiff to refile after paying the full filing fee.

**IT IS, THEREFORE, ORDERED** that:

1. For the reasons stated herein, the Court finds that Plaintiff has failed to show that he is under imminent risk of serious physical injury and he must therefore pay the full filing fee before he may present this § 1983 complaint in federal court. This action is, therefore, dismissed without prejudice.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 8), is **DENIED** as moot.

3. The Clerk is respectfully instructed to terminate this action.

_____
Frank D. Whitney
Chief United States District Judge